IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LEONARD QUINN,

    Plaintiff,

vs.                                                           No. 15-2295-JDT-dkv

WILLIAM ROBILIO,

    Defendant.

REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

On May 4, 2015, the plaintiff, Leonard Quinn ("Quinn"), who lists his address as Western Mental Health Institute, Bolivar, Tennessee, filed a *pro se* complaint on a court-supplied form for violation of civil rights under 42 U.S.C. § 1983 against William Robilio ("Robilio"), accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on May 6, 2015, the court granted leave to proceed *in forma pauperis*. (ECF No. 4.) Quinn named William Robbillio[1] as the only defendant. (*See* ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.) For the reasons that follow,

---

[1] The correct spelling of the defendant's last name is Robilio, and the clerk is directed to correct the docket sheet to reflect the correct spelling.

it is recommended that this case be dismissed for failure to state a claim.

## I. PROPOSED FINDINGS OF FACT

In his complaint, Quinn states:

> I been incarcerated for 2 five months for indescant [sic] exposes, 1 month if convicted ressusting [sic] arrest 1 month if convicted disorderly conduct if convicted. Before comming [sic] to WNM I asked for a trail [sic] William Robbillio [sic] Public Defender stated to me November 16th I'll be here at Western until December 16th 20th[.] On 8-27-14 I went back to Mark Ward court and represented myself.

(Compl. ¶ IV, ECF No. 1.)

In his statement for relief, Quinn asks for the following:

> I would like to be highly compensated. William Robbillio [sic] demoted for breech [sic] of contract. I have mental anguish, cruel unusual punishment. Breech [sic] of contract cause he stated once I came here November 14, 2012, he would release me December 14, 2012. I went back to court represented myself 08/17/14 and talked to Judge Mark Ward.

(*Id.* ¶ V.)

Attached to the complaint is a two-page, handwritten document in which Quinn states:

> I was Subpena [sic] to court before coming here 8-27-14[.] It was state [sic] I assaulted Union City. All I did was told them at Union City Group Home I was over my disability and controlled my own food stamps [and] they stated they do all that. The food I purchased they issued out in portions. Also I sent them to the store for two packs of Newport Menthol, after returning from the store the worker brought back 2 pack on Blue Menthol [,] something I didn't order and refuse [sic] to return the Product. People in front office was [sic] telling a guy I was friend with I was a bad influence. I only stayed there for 2 days. And they subpenna [sic] me on assault charge through Memphis

2

> Sheriff Dept. William Robbillio [sic] doing what Public Defenders do I was giving 3 charges and ask [sic] Judge Mark Ward for Trail [sic] I had all the witness, I was giving a trail [sic] William stood against the was [sic] and said he would release me December 14, the next month how long does December 14th 2012 last. Before I came back William Robbillio [sic] was fired by me. I defend myself. My Islamic right was violated[.] At Alliance, I'm the one the [sic] passed Health Inspection I mean the only problem I had was my medication[.] Then it took over 2 years to adjust[.] Now it back to the same medical malpractice.

(ECF No. 1-1.)

Also attached to the complaint are two Western Mental Health Institute ("WMHI") Patient Grievance/Complaint forms dated 8-28-14. The first form completed by Quinn states:

> I was sent here by Mark Ward The Judge To get stabalized [sic] on 300 mg of Serequel only. I wrote Gov. Bill Haslem [sic] about this ordeal. I went to MMHI. Dr. Greggory gave me 300 mgs of Serequel only. And It works.

(*Id.* at 3.)

In the second WMHI complaint form, Quinn writes:

> I went to court 8-27-14. Soon as I hit the door I was administered two shots. Then when it go towards for me to get out of restrainst [sic] I was administered two more shots. Medical, mal-practice still exist. [sic]

(*Id.* at 4.)

II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28

3

U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

(i)   is frivolous or malicious;

(ii)  fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[]

4

are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28.

*Id.* at 471.

5

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Quinn's Claim Under 42 U.S.C. § 1983</u>

It is difficult to decipher what claims Quinn makes in his

complaint. He brings this claim against Robilio on the court-supplied form for violation of 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) first, that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

1. *The "Under Color of State Law" Requirement*

"The traditional definition of acting under state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Yancey v. Carson*, No. 3:04-CV-556, 2007 WL 2908869, at *5 (E.D. Tenn. Oct. 4, 2007)(quoting

7

*West*, 487 U.S. at 49 (1988)(internal quotation marks omitted)). "The key determinant is whether the actor, at the time in question, proposes to act in an official capacity or to exercise official responsibilities pursuant to state law." *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995). In an action against a private party, § 1983 will apply only if an individual's seemingly private behavior may be fairly treated as that of the state itself. *Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 313 (2d Cir. 2007).

Quinn fails to allege anywhere in his complaint that Robilio acted under color of state law. Quinn refers to Robilio twice in his complaint as "Public Defender." The law is clear that a public defender does not act under color of state law for purposes of a § 1983 action when serving as counsel for a defendant in a criminal proceeding even thought his was appointed by the state court. *West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlacter*, 389 F.2d 231, 233 (6th Cir. 1968); *Milstead v. Bedford Cnty.*, 2014 WL 420395, at *4 (E.D. Tenn. Feb. 4, 2014). Thus, Quinn's claim against Robilio does not satisfy the under color of state law requirement.

2. *Deprivation of a Constitutional Right*

Section 1983 provides a remedy; it is not a source of substantive rights. *Johnson v. Detroit*, 446 F.3d 614, 618-22 (6th Cir. 2006). Therefore, a plaintiff must allege a specific rights violation found in federal law. *Id.* Here, the only allegation that Quinn makes

against Robilio is "breech [sic] of contract cause he stated once I came here November 14, 2012, he would release me December 14, 2012." (Compl. ¶ V, ECF No. 1.) Later, Quinn alleges that he fired Robilio and defended himself at trial. (*See* ECF No. 1-1.) There are no factual allegations about violation of any constitutional right by Robilio. Accordingly, Quinn has failed to plead the second element of a § 1983 claim.

III. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), and judgment be entered for the defendant.

Respectfully submitted this 20th day of May, 2015.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.